GARY M. RESTAINO
United States Attorney
District of Arizona
DIMITRA H. SAMPSON
Arizona State Bar No. 019133
Email: dimitra.sampson@usdoj.gov
JILLIAN BESANCON
California State Bar No. 285869
Email: jillian.besancon@usdoj.gov
LINDSAY L. SHORT
Arizona State Bar No. 034125
Email: lindsay.short@usdoj.gov
KRISSA M. LANHAM
Arizona State Bar No. 035085
Email: krissa.lanham@usdoj.gov
RYAN POWELL
Arizona State Bar No. 025695
Email: ryan.powell@usdoj.gov
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

Plaintiff,

v.

5. Josephine Barlow Bistline,

Defendant.

Case No. CR-22-08092-5-PCT-SMB

**RESPONSE TO DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE**

On September 12, 2023, the government received via ECF a pro se motion by defendant Josephine Barlow Bistline asking the Court to "dismiss all, complaints, and indictments against her with prejudice" based on "territorial and subject-matter jurisdiction issues" and "impermissible selective and malicious prosecution." (ECF No. 296 ("Mot.") at 1, 7.) Because the second superseding indictment properly charges Bistline in the U.S. District Court for the District of Arizona with "offenses against the laws of the United

States" committed in Arizona and elsewhere, her motion should be denied.

## I. The Second Superseding Indictment

In the second superseding indictment, a federal grand jury charged Bistline in twelve counts with seven offenses described in the United States Code: persuading or coercing travel to engage in sexual activity in violation of 18 U.S.C. §§ 2422(a) and 2 (Counts 26 and 30); using a means of interstate commerce to persuade or coerce a minor to engage in sexual activity in violation of 18 U.S.C. §§ 2422(b) and 2 (Counts 17 and 27); transportation of a minor for criminal sexual activity in violation of 18 U.S.C. §§ 2423(a) and 2 (Counts 28 and 32); production of child pornography in violation of 18 U.S.C. §§ 2251(a), 2256, and 2 (Count 11); transfer of obscene material to a minor in violation of 18 U.S.C. §§ 1470 and 2 (Count 13); tampering with an official proceeding in violation of 18 U.S.C. §§ 1512(c)(2) and 2 (Count 56); interstate threats in violation of 18 U.S.C. § 875(c) (Count 54); and cyberstalking in violation of 18 U.S.C. §§ 2261A(2) and 2261(b) (Count 55). (ECF No. 104.)

The second superseding indictment is a speaking indictment which contains factual allegations describing how Bistline violated each statute—including dates, locations, descriptions of her conduct, statutory language, and citations to the relevant section of the U.S. code. (*See* ECF No. 104 at ¶¶ 46-47, 71, 76-77, 84-86, 90, 107, 128, 182, 188, 200, 227, 230, 233, 239, 242, 245, 311, 326, 329, 332.) Every allegation but one alleges interstate commerce as the basis for federal jurisdiction. (*See* Counts 11, 13, 17, 26-28, 30-32, 54-55.) For example, Bistline and her co-defendants are alleged to have used a facility of or affecting interstate commerce (*e.g.* ECF No. 104 at ¶¶ 182, 200), travelled or caused others to travel in interstate commerce (*e.g.* ECF No. 104 at ¶¶ 227, 239), and transported victims in interstate commerce (*e.g.* ECF No. 104 at ¶ 245.) The remaining count against Bistline (Count 56) alleges as its basis for federal jurisdiction that she attempted to "corruptly obstruct, influence, and impede a criminal prosecution before a Court of the United States." (ECF No. 104 at 55.)

## II. <u>Argument</u>

### a. Applicable standards.

In evaluating a motion to dismiss, the Court presumes the facts alleged in the indictment are true. *See United States v. Milovanovic*, 678 F.3d 713, 717 (9th Cir. 2012). Because "'an indictment returned by a legally constituted and unbiased grand jury…if valid on its face, is enough to call for trial of the charge on its merits[,]'" the Court "draw[s] all inferences in favor of the government." *Id*. (quoting *Costello v. United States*, 350 U.S. 359, 363 (1956)). The Court cannot consider evidence not apparent from the face of the indictment, and a defendant "may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence." *United States v. Lacey*, 423 F.Supp.3d 748, 753 (D. Ariz. 2019) (quoting *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996)).

A federal indictment must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged," setting forth the official or customary citation of the statute…that the defendant is alleged to have violated." Fed. R. Crim. P. 7(c)(1). An indictment meets due process standards if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend," and "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Huping Zhou*, 678 F.3d 1110, 1113 (9th Cir. 2012).

Although an interstate commerce nexus must be proved at trial for certain federal crimes, "it need not be expressly described in the indictment." *United States v. Tuan Ngoc Luong*, 965 F.3d 973, 985 (9th Cir. 2020) (quotations and alterations omitted). In fact, an indictment is sufficient even when it contains "no facts alleging how interstate commerce was interfered with" nor "any theory of interstate impact." *Id*. And, like jurisdiction, venue need not be pleaded in a federal indictment under Rule 7. *See Carbo v. United States*, 314 F.2d 718, 733 (9th Cir. 1963).

**b. Bistline's motion to dismiss should be denied.**

Construed generously, Bistline's motion appears to raise three challenges to the indictment.[1] First, she alleges the indictment was brought in an improper venue, both because she should have been charged in Arizona state court and because a jury of her peers would be drawn from Mohave County. (Mot. at 16-17, 22, 24, 25, 34.) Second, she claims the District Court lacks jurisdiction, and the U.S. Attorney lacks the power to prosecute, because there is no federal question or diversity jurisdiction under 28 U.S.C. §§ 1331 or 1332 and she committed a crime within Arizona instead of the territorial jurisdiction of the United States. (Mot. at 16, 18, 20-21, 23, 25-30, 33-38.) Finally, she hints at selective prosecution based on religion because her family is Mormon and many members of it are charged in the indictment. (Mot. at 11, 14-16, 39.)

It is evident from the face of the indictment that Bistline's challenges lack merit. She is properly charged with federal crimes in the District of Arizona, and will be tried by a jury of her peers drawn from within the Prescott Division of the Court (which includes Mohave County).

1. Venue lies in the District of Arizona.

"[C]riminal trials generally must take place in the same state and district where the crime took place." *United States v. Lozoya*, 982 F.3d 648, 651 (9th Cir. 2020) (en banc). Although venue need not be explicitly pleaded under Rule 7, *Carbo*, 314 F.2d at 733, a defendant may challenge an indictment pretrial on venue grounds if a venue defect is "apparent from the face of the indictment." *United States v. Ghanem*, 993 F.3d 1113, 1120 (9th Cir. 2021). There is no apparent venue defect, however, where an indictment "'alleges facts which, if proven, would have sustained venue' in the district of trial." *Id*. (alterations omitted).

---

[1] Bistline may also be attempting to challenge the complaint and arrest warrant. (Mot. at 10.) Because the grand jury indictment "remedied any defect in the complaint and arrest warrant," *Denton v. United States*, 465 F.2d 1394, 1395 (5th Cir. 1972), any such claims should be denied as moot. *See also Cusamano v. Donelli*, No. 06 Civ. 6047(PAC)(THK), 2010 WL 2653653, at *3 ("The indictment by the grand jury rendered any deficiency in the criminal complaint moot.").

Here, the second superseding indictment alleges facts which, if proven, would sustain venue in Arizona. Each count against Bistline specifies that she committed the charged crime "in the District of Arizona and elsewhere." (*See* ECF No. 104 at ¶¶ 182, 188, 200, 227, 230, 233, 239, 242, 326, 329, 332.) The indictment further provides specific facts supporting the conclusion that Bistline's crimes were committed within the District of Arizona (and elsewhere). For example: Bateman resided in Colorado City, Arizona, until September 13, 2022, and brought minors back there after traveling between Arizona, Nebraska, Colorado, and Utah (ECF No. 104 at ¶¶ 5, 13); Bistline participated in a "sacred ordinance"—i.e., a sexual act that included minors—which involved participants in multiple locations including Colorado City, Arizona (ECF No. 104 at ¶ 107); and Bistline persuaded, induced, enticed and coerced victims to travel back and forth, and transported victims, between Arizona, Nebraska, and Utah from August 2020 through March 2021 (ECF No. 104 at ¶ 227, 233, 239, 245). In specifying how the crimes charged took place in Arizona, the second superseding indictment alleges facts that, if proven, will sustain venue here. *Cf. Ghanem*, 993 F.3d at 1120 (finding facial venue defect where indictment did not mention district of prosecution except single note that defendant resided there). As one unitary federal district, the United States District Court for the District of Arizona is the proper venue for all federal crimes committed within the state of Arizona. *See Lozoya*, 982 F.3d at 651. These are exactly the crimes with which Bistline is charged.

To the extent Bistline alleges a venue defect in that she was not charged in the Mohave County Superior Court, that court does not have jurisdiction over federal crimes like the ones charged here. *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, *exclusive of the courts of the States*, of all offenses against the laws of the United States.") (emphasis added). And even if it did, that would not diminish this Court's jurisdiction over a charged federal crime. *United States v. Lee*, 472 F.3d 638, 642-44 (9th Cir. 2006).

Bistline's fears regarding non-Mohave County jurors are not appropriately raised in a motion to dismiss, where the Court cannot consider evidence outside the four corners of

the indictment. *See United States v. Hernandez-Estrada*, 749 F.3d 1154, 1159 (9th Cir. 2014) (citing *Duren v. Missouri*, 439 U.S. 357, 364 (1979)) (noting the defendant bears a prima facie burden to show the jury selection process violates the fair cross-section requirement). Meeting a defendant's prima facie burden under the second prong of the fair cross-section violation test "requires proof, typically statistical data," *id*., that cannot be considered in deciding a motion to dismiss.[2] *See Lacey*, 423 F.Supp.3d at 753. Moreover, as a case that will be tried within the Prescott Division, Bistline's jury venire will be drawn from a pool that includes Mohave County residents. *See* D. Ariz. General Order 23-15 (Sept. 19, 2023) (noting that Prescott Division of the District of Arizona consists of "Apache, Coconino, Mohave, Navajo and Yavapai counties," and that "specific and detailed procedures will be followed to ensure the random selection of a fair cross section of the persons residing in the community in the division where the Court convenes."). Bistline's venue challenge therefore fails both legally and factually to support a motion to dismiss.

2. The Court has jurisdiction over the charged federal crimes.

18 U.S.C. § 3231 confers jurisdiction to the District of Arizona because the second superseding indictment charges federal crimes.[3] *See* 18 U.S.C. § 3231 ("The district courts

---

[2] To the extent that Bistline's motion also hints at a religion-based selective prosecution claim (Mot. at 11-16), that also cannot be decided on the face of the indictment. Bistline must meet a "demanding standard" to even merit discovery on such a claim, and then must present "clear evidence" showing the decision to prosecute was made based on "an unjustifiable standard such as race, religion, or other arbitrary classification." *United States v. Armstrong*, 517 U.S. 456, 463-65 (1996). She cannot meet that burden without introducing factual evidence—which is not permitted at this stage—and in any event, no such evidence exists.

[3] The facts section of Bistline's motion asks various questions about the grand jury proceedings in the case. (Mot. at 10.) To the extent she may be moving to dismiss on the basis of those proceedings, her motion should be denied because: (1) a presumption of regularity attaches to those proceedings and Bistline has not alleged any irregularities, *Hamling v. United States*, 418 U.S. 87, 139 n.23 (1974); *United States v. Lacey*, No. CR-18-00422-001-PHX-SMB, 2020 WL 108643, at *1 (D. Ariz. Jan. 9, 2020); (2) "a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants," *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254 (1988), and Bistline has not alleged any such errors or prejudice; and (3) the prosecution is well aware of its potential disclosure obligations arising from testimony taken in grand jury proceedings and will meet those obligations within the prescribed timelines.

of the United States shall have original jurisdiction…of all offenses against the laws of the United States."). Bistline's arguments based on a lack of civil diversity or federal question jurisdiction under 28 U.S.C. §§ 1331, 1332 (Mot. at 20, 25-26) miss the mark: those provisions do not govern jurisdiction in this criminal case.

Likewise, Bistline's arguments that the U.S. Attorney's power to prosecute and standing are limited to civil cases only is incorrect. (Mot. at 28, 30.) The United States Attorney has a statutory duty to, "within his district,…prosecute for all offenses against the United States." 28 U.S.C. § 547(1); *United States v. Williams*, 68 F.4th 564, 571 (9th Cir. 2023). Although other subsections of the same statute also require the U.S. Attorney to "prosecute or defend, for the Government, all civil actions," this case is not civil. It is a criminal prosecution of offenses Bistline committed against the United States, and as such the U.S. Attorney's Office is statutorily authorized—in fact, mandated—to prosecute the case. *See also United States v. Horner*, 769 F. App'x 528, 532 n.5 (10th Cir. 2019) (rejecting argument that Congress eliminated United States' standing to prosecute when it enacted 18 U.S.C. § 3231 because "A violation of its laws injures the United States' sovereignty, which 'suffices to support a criminal lawsuit by the Government.'") (quoting *Vt. Agency of Nat. Res. v. U.S. ex rel Stevens*, 529 U.S. 765, 771 (2000)).

The remainder of Bistline's arguments arise from a mistaken impression that federal jurisdiction exists only for crimes committed within federal lands or territories. (Mot. at 16, 18, 21, 23, 34-38.) But Congress's authority to regulate crimes like most of those charged here—"in or affecting interstate commerce"—validly arises under the Commerce Clause. *See United States v. Latu*, 479 F.3d 1153, 1156 (9th Cir. 2007); *see also United States v. Lucero*, 989 F.3d 1088, 1095 (9th Cir. 2021) (describing function of jurisdictional elements). And as to Count 56, which charges Bistline with obstructing an "official proceeding" under 18 U.S.C. § 1512(c), it is the connection to a specific type of federal proceeding as defined in 18 U.S.C. § 1515(a)(1) that brings the crime within Congress's power to regulate. *See United States v. Escalera*, 957 F.3d 122, 132-33 (2d Cir. 2021) (describing legislative history of 18 U.S.C. §§ 1512 and 1513). Bistline's federal territorial

jurisdiction arguments are therefore irrelevant to the charged crimes.

3. <u>The second superseding indictment is sufficiently specific</u>.

To satisfy due process, a federal indictment need only "contain[ ] the elements of the offense charged," "fairly inform[ ] a defendant of the charge against which he must defend," and "enable[ ] him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Huping Zhou*, 678 F.3d at 1113. Bistline challenges the language used in Counts 54 and 55, and possibly elsewhere in the indictment, as insufficiently specific to provide her fair notice.[4]

Bistline's challenges should be rejected and her motions to strike indictment language denied. Contrary to Bistline's arguments (Mot. at 26-27, 29-30), the facts underlying the interstate commerce jurisdictional element "need not be expressly described in the indictment." *Tuan Ngoc Luong*, 965 F.3d at 985. The Ninth Circuit and district courts within it have repeatedly approved "on or about" and "and elsewhere" language as sufficiently specific. (*Contra* Mot. at 28, 33.) *See, e.g.*, *United States v. McCown*, 711 F.2d 1441, 1450 (9th Cir. 1983) ("[T]he term 'on or about' at most opens the time frame by one or two days, and merely serves to prevent any dickering over the small technicality of an exact date."); *United States v. Harrison-Philpot*, 978 F.2d 1520, 1525-26 (9th Cir. 1992) (same); *United States v. Douglas*, 996 F.Supp. 969, 974 (N.D. Cal. 1998) (holding "Northern District of California and elsewhere" language sufficiently specified venue); *United States v. Marks*, 530 F.3d 799, 810 n.4 (9th Cir. 2008) (approving uncontested "and elsewhere" language as sufficient for venue).

Josephine Barlow Bistline is correctly named in the indictment based on her legal identification documents, notwithstanding her own adoption of the moniker "Bateman" throughout the motion. Her sovereign citizen-esque "strawman" argument that some other "JOSEPHINE BARLOW BISTLINE" is the person in the indictment, and she is not a

---

[4] To the extent this portion of the motion may also be read as attacking the facts underlying the grand jury's indictment determination, that challenge should be rejected. *See Costello*, 350 U.S. at 363 (foreclosing any challenge to an indictment "on the ground that there was inadequate or incompetent evidence before the grand jury").

citizen of the United States (Mot. at 29), should be rejected as frivolous. *Farrell v. Internal Revenue Service*, No. CV-21-00697-PHX-DGC, 2021 WL 4748778, at *3 (D. Ariz. Oct. 12, 2021) (collecting cases "repeatedly and emphatically reject[ing] claims based on sovereign citizen and redemptionist theories as frivolous").

Finally, Bistline complains that the phrases "knowingly and willfully," "threat to injure," and "threatening to injure and harm" should be stricken as vague and ambiguous. (Mot. at 29-31.) But these are elements of an 18 U.S.C. § 875(c) offense listed in the statute and/or the Ninth Circuit model jury instructions, and as such the indictment properly cited them to "fairly inform[ ] [Bistline] of the charge against which [s]he must defend." *See Huping Zhou*, 678 F.3d at 1113; 18 U.S.C. § 875(c) ("any threat to injure the person of another"); Ninth Cir. Model Jury Instruction §§ 8.13 (stating elements of 18 U.S.C. § 875(c) charge), 4.6 (explaining "willfully"), 4.8 (defining "knowingly").[5] As a speaking indictment, the second superseding indictment provides far more factual clarity than the law requires. *See United States v. Dawkins*, 999 F.3d 767, 779-80 (2d Cir. 2021). On vagueness or ambiguity grounds, Bistline's motion to dismiss should therefore be denied.

---

[5] *Counterman v. Colorado*, 143 S.Ct. 2106, 2117-19 (2023), has implicitly overruled the Ninth Circuit's requirement of specific intent (like "knowingly" or "willfully") for 18 U.S.C. § 875(c) prosecutions. However, because the second superseding indictment issued before the opinion in *Counterman* and contains the Ninth Circuit's previous elements—alleging Bistline had a higher mens rea than *Counterman* now requires—it sufficiently puts her on notice and enables her to defend the charge. *See Huping Zhou*, 678 F.3d at 1113.

## III. Conclusion

Bistline's motion to dismiss the indictment should be denied.

Respectfully submitted this 26th day of September, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Krissa M. Lanham*
DIMITRA H. SAMPSON
JILLIAN BESANCON
LINDSAY L. SHORT
KRISSA M. LANHAM
RYAN POWELL
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

Myles Schneider
*Attorney for Defendant (1) Samuel Rappylee Bateman*

Cindy Castillo
Jose Antonio Saldivar
*Attorneys for Defendant (2) Naomi Bistline*

Sandra Kay Hamilton
*Attorney for Defendant (3) Donnae Barlow*

D Stephen Wallin
*Attorney for Defendant (4) Moretta Rose Johnson*

Mark Jeffrey Andersen
*Advisory Attorney for Pro Se Defendant (5) Josephine Barlow Bistline*

Tony Rollman
*Attorney for Defendant (6) LaDell Jay Bistline, Jr.*

Gillmore Birch Bernard
*Attorney for Defendant (7)* Brenda Barlow

Jocquese Lamount Blackwell
*Attorney for Defendant (8) Marona Johnson*

Loyd C. Tate
*Attorney for Defendant (9) Leia Bistline*

Kathy L. Henry
*Attorney for Defendant (10) Torrance Bistline*

Bradley Lewis Miller
*Attorney for Defendant (11) Leilani Barlow*

I further certify that a participant in this case is not a registered CM/ECF user. I have mailed the foregoing document by regular First-Class Mail, postage prepaid, for delivery, to the following non-CM/ECF participant:

Josephine Barlow Bistline
Reg. No. 51598-510
Florence-AZ-Florence-CAFCC
Central Arizona Florence Correctional Complex
P.O. Box 6300
Florence, Az 85132
*Pro Se Defendant (5)*

*s/ Brian Wolfe*
U.S. Attorney's Office