**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-22-08092-005-PCT-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Josephine Barlow Bistline, | |
| Defendant. | |

Pending before the Court are two motions filed by *pro se* Defendant Josephine Barlow Bistline—the Motion to Study with Co-Defendants (Doc. 282) and the Motion for No-Contact Restriction to Be Removed for Samuel Rappylee Bateman (Doc. 283). The United States responded to both motions (Doc. 292). Having considered the parties' briefing and arguments, as well as the relevant rules and case law, the Court will deny Defendant Bistline's motions for the following reasons.

**I.    BACKGROUND**

Defendant Bistline is one of co-defendant Samuel Rappylee Bateman's adult wives and is also the mother of Jane Does 8 and 9. (Doc. 292 at 2.) These minors were also allegedly Defendant Bateman's "wives" and in September 2022, they were taken into Arizona Department of Child Services (DCS) custody. (*Id.*) However, they were taken from DCS custody along with six other minor girls on November 27, 2022 by some of the adult wives. (*Id.*) Four days later, they were found in Spokane, Washington. (*Id.*) The United States alleges that during this period Defendant Bistline sent threatening emails to

individuals involved in Defendant Bateman's state and federal proceedings. (*Id.*)

Defendant Bistline was arrested on March 29, 2023 and is now in custody at the CoreCivic/Central Arizona Florence Correctional Complex ("CAFCC"). (*Id.*) She is not permitted to have in-person visitors other than her advisory counsel. (*Id.*) Her communications, however, have otherwise not been restricted. (*Id.*) The United States alleges that she has continued to send threatening communications from custody. (*Id.*) The Court allowed Defendant Bistline to represent herself. (Doc. 149). At the time of this Order, she is the only remaining self-represented Defendant in this case.

## II. LEGAL STANDARD

Prison administrators are granted "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). Any conditions or restrictions of pretrial detention must be "reasonably related to a legitimate governmental objective." *Id.* at 539. The effective management of the detention facility is recognized as a legitimate interest justifying restrictions. *Id.* at 540. And absent a showing of constitutional infringement, "courts may not substitute their judgment or otherwise interfere with decisions made by prison officials." *Madrid v. Gomez*, 889 F. Supp. 1146, 1262 (N.D. Cal. 1995).

Furthermore, liberty interests that entitle a prisoner to due process are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (internal citations omitted). Additionally, the Eighth Amendment imposes a duty on prison officials to provide "humane conditions of confinement." *Osolinki v. Kane*, 92 F.3d 934, 936–37 (9th Cir. 1996). An Eighth Amendment claim must show that a prison official acted with "deliberate indifference" to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

## III. DISCUSSION

As referenced, Defendant Bistline filed two separate motions. The Court will discuss each in turn.

### A. Motion to Study with Co-Defendants

Defendant Bistline first seeks permission to "study law" with her co-defendants at CAFCC. (Doc. 282 at 1.) She also requests access to the docket via CM/ECF and access to the discovery. (*Id.*) The United States argues that this request should be denied and contends that the decision to separate the co-defendants is properly left to the discretion of the prison administrators' discretion. (Doc. 292 at 3.) The United States also notes that although they requested the separation order, the decision to enter and enforce the order was made by prison officials. (*Id.* at 3 n.2).

The Court finds that this separation is a legitimate restriction on Defendant Bistline. Further, this restriction does not rise to the level of atypical or significant hardship. On these facts, there is no showing of any constitutional infringement. Rather, CAFCC officials have decided to keep all the co-defendants in this case separate. The Court will not substitute its judgment for that of the CAFCC officials.

Moreover, there is no joint defense agreement providing any justification for Defendant Bistline to study law with her co-defendants. Further, even if a joint defense agreement were in place, it would likely not cover conversations among defendants unless they took place with counsel present. *See United States v. Austin*, 416 F.3d 1016, 1019 (9th Cir. 2005); *United States v. Schwimmer*, 892 F.2d 237, 243 (2d Cir. 1989). At the time of this Order, all other co-defendants in this case are represented by counsel. Defendant Bistline continues to represent herself. As such, she remains free to utilize CAFCC's legal resources to study and prepare on her own to meaningfully represent herself. *See Faretta v. California*, 422 U.S. 806, 833 (1975).

Lastly, the Court also denies Defendant Bistline's request for access to the docket via CM/ECF. As a threshold matter, she does not have internet access at CAFCC. Pro se defendants are not entitled to resources "over and above" what is provided to the general

inmate population. *See United States v. Beale*, 574 F.3d 512, 520 (8th Cir. 2009); *see also United States v. Taylor*, 183 F.3d 1199, 1204–05 (10th Cir. 1999). Therefore, she will not be granted internet access for this purpose. As a further note, the Court informed Defendant Bistline of the disadvantages of self-representation. (Doc. 149.) She knowingly and voluntarily waived her right to counsel and chose to represent herself. (*Id.*) That said, Defendant Bistline's advisory attorney may access the docket electronically. Additionally, Defendant Bistline may continue to file and receive docket entries via mail.

### B. Motion for No-Contact Restriction to be Removed for Samuel Rappylee Bateman

Defendant Bistline also requests that the removal of the no-contact restriction between her and Defendant Bateman. (Doc. 283 at 1–2.) She also requests "contact opened" communication privileges and access to the docket for Defendant Bateman. (*Id.* at 2.) Lastly, she contends that this no-contact restriction is an Eighth Amendment violation. (*Id.* at 1.) The United States counters that the no-contact should remain in place and that she may not seek relief on behalf of Defendant Bateman. (Doc. 292 at 4–5.)

For the reasons previously discussed, the Court will leave the no-contact order in place. First, this no-contact restriction does not rise to the level of an Eighth Amendment violation. The restriction is not inhumane, nor does it impact Defendant Bistline's health or safety. *See Farmer*, 511 U.S. at 847. As there is no showing of a constitutional infringement, the Court will not disrupt prison administrators' decision to keep Defendants Bistline and Bateman separated. Second, Defendant Bistline may not seek relief on behalf of Defendant Bateman. She may only represent herself—and may not play a role in representing Defendant Bateman. *See C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

### III. CONCLUSION

For the reasons discussed above,

…

…

**IT IS HEREBY ORDERED** that Defendant Bistline's Motion to Study with Co-Defendants (Doc. 282) and Motion for No-Contact Restriction to Be Removed for Samuel Rappylee Bateman (Doc. 283) are denied.

Dated this 6th day of October, 2023.

_____
Honorable Susan M. Brnovich
United States District Judge