WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-22-08092-005-PCT-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Josephine Barlow Bistline, | |
| Defendant. | |

Pending before the Court is *pro se* Defendant Bistline's Motion to Dismiss with Prejudice. (Doc. 303.) The United States responded. (Doc. 305.) Having considered the parties' briefing and arguments, as well as the relevant rules and case law, the Court will deny Defendant Bistline's motion for the following reasons.

**I.    BACKGROUND**

Defendant Bistline was arrested pursuant to a federal complaint on March 29, 2023. She was then charged with the initial allegations and additional charges in the second superseding indictment (the "indictment"). (Doc. 305 at 2.) The indictment charged her with twelve counts of various federal offenses. (*Id.*) The indictment also includes factual allegations describing how Defendant Bistline violated each statute. (*See* Doc. 104.) Of the twelve counts, eleven allege interstate commence as the basis for federal jurisdiction. (*Id.*) The remaining count alleges that Defendant Bistline attempted to "corruptly obstruct, influence, and impede a criminal prosecution before a Court of the United States . . . by harassing and threatening Arizona state government employees." (*Id.* at 55.) Defendant

Bistline now seeks to "dismiss all, complaints, and indictments against her with prejudice." (Doc. 303 at 1.)

## II. LEGAL STANDARD

An indictment must contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "An indictment is sufficient if it: (1) contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend and (2) enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Lazarenko,* 564 F.3d 1026, 1033 (9th Cir. 2009). A defendant may move to dismiss an indictment for failure to state an offense. Fed. R. Crim. P. 12(b)(3)(B)(v). In determining whether to grant a motion to dismiss, the Court is required to "accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002) (citation omitted). Furthermore, "the district court is bound by the four corners of the indictment." *Id.* Lastly, the Court may only consider a motion to dismiss where it involves questions of law rather than fact. *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986).

The required interstate commerce nexus "need not be expressly described in the indictment." *United States v. Tuan Ngoc Luong*, 965 F.3d 973, 985 (9th Cir. 2020) (internal quotations and alterations omitted). The United States is not required to allege any specific facts pertaining to interstate impact. *Id.* Similarly, venue also does not need to be pleaded in the indictment. *See Carbo v. United States*, 314 F.2d 718, 733 (9th Cir. 1963).

## III. DISCUSSION

Defendant Bistline's motion raises four challenges to the indictment—improper venue, lack of jurisdiction, selective prosecution, and lack of specificity. (*See generally* Doc. 303.) The Court will discuss each in turn.

### A. Venue

Defendant Bistline first alleges that the indictment was brought in an improper venue. (*Id.* at 15–17, 22–25.) Specifically, she asserts that the Mohave County Superior

Court is the proper venue and the jury should be drawn from Mohave County. (*Id.* at 16, 24.) The United States counters that the facts alleged in the indictment show that venue is proper in the District of Arizona. (Doc. 305 at 5.)

The Constitution provides two safeguards for proper venue. First, the Venue Clause of Article III, Section 2 provides: "The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed." U.S. Const. art. III, § 2, cl. 3. Second, the Sixth Amendment's Vicinage Clause requires that a defendant be tried by an "impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI. Under these provisions, criminal trials "generally must take place in the same state and district where the crime took place." *United States v. Lozoya*, 982 F.3d 648, 651 (9th Cir. 2020). A defendant may challenge an indictment on venue grounds if a venue defect is "apparent from the face of the indictment." *United States v. Ghanem*, 993 F.3d 1113, 1120 (9th Cir. 2021).

Here, each count against Defendant Bistline alleges that she committed the crimes "in the District of Arizona and elsewhere." The indictment also provides specific details supporting that the allegation that her alleged criminal activities occurred in the District of Arizona, including her alleged transporting of minors to her residence in Colorado City, Arizona. These specified allegations are sufficient to establish venue in the District of Arizona for the purposes of an indictment. *See United States v. Douglas*, 996 F. Supp. 696, 974 (N.D. Cal. 1998).

Additionally, the Mohave Superior County Superior Court does not have jurisdiction over federal crimes. *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."). The District of Arizona is a single unitary district and is the proper venue for all federal crimes committed in Arizona. That said, this case will be tried within the Prescott Division. As such, Defendant Bistline's jury will be drawn from a pool that includes Mohave County residents. *See* D. Ariz. General Order 23-15

(Sept. 19, 2023). Therefore, Defendant Bistline's concerns about her jury pool are unfounded.

Lastly, Defendant Bistline appears to challenge the technical validity of the complaint and arrest warrant. (Doc. 303 at 10.) To the extent there were errors in either document, the grand jury indictment remedied such errors. *See Denton v. United States*, 465 F.2d 1394, 1395 (5th Cir. 1972). In short, venue is proper in District of Arizona.

**B. Jurisdiction**

Defendant Bistline also asserts that "all acts alleged in the Indictment occurred within the sovereign states of Arizona, Colorado, and Nebraska." (Doc. 303 at 20.) Therefore, she contends the Court lacks subject-matter jurisdiction. (*Id.*) She also argues that the United States Attorney for the District of Arizona only has standing and power to prosecute civil cases. (*Id.* at 28–30.) The United States argues that this Court has jurisdiction and that the United States Attorney is statutorily authorized to prosecute these offenses. (Doc. 305 at 7.) The Court agrees.

First, the indictment solely charges federal crimes. Therefore, 18 U.S.C. § 3231 confers subject-matter jurisdiction exclusively to the district courts. *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States."). The district courts also retain personal jurisdiction over a defendant when federal charges are brought via a federal indictment. *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). As discussed above, the proper district court for this case is the District of Arizona. Much of Defendant Bistline's argument regarding subject-matter jurisdiction relies on 28 U.S.C. §§ 1331 and 1332. (Doc. 303 at 20–21, 25–26.) However, those statutes pertain to diversity and federal question jurisdiction for civil cases. They do not govern criminal actions, including this one.

Second, the United States Attorney is statutorily authorized to prosecute this case. Federal law requires a United States Attorney "prosecute for all offenses against the United States" within his or her district. 28 U.S.C. § 547(1). Although it is true that the United States Attorney also litigates civil actions, this is not a civil case. Therefore, this argument

also fails.

Third, Defendant Bistline also appears to argue that federal jurisdiction only exists for crimes committed within federal lands or territories. (Doc. 303 at 34–38.) This is incorrect. The jurisdictional element of a federal offense identifies "the factor that makes the [conduct] an appropriate subject for federal concern." *United States v. Yermian*, 468 U.S. 63, 68 (1984). Here, eleven of the twelve counts stem from Congress's authority to regulate activity "in or affecting interstate commerce"—better known as the Commerce Clause power. *Rehaif v. United States*, 139 S. Ct. 2191, 2196 (2019). This power is recognized as a proper basis for federal jurisdiction. *See id.*; *United States v. Latu*, 479 F.3d 1153, 1156 (9th Cir. 2007). The twelfth count charges Defendant Bistline with obstructing an "official proceeding" under 18 U.S.C. §§ 1512(c)(2). (Doc. 104 at 55.) The definition of an "official proceeding" comes from 18 U.S.C. § 1515(a)(1), which includes the current federal judicial proceedings. *See* 18 U.S.C. § 1515(a)(1). This definition provides the appropriate jurisdictional nexus that grants Congress the power to regulate this behavior. *See also United States v. Escalera*, 957 F.3d 122, 132–33 (2d Cir. 2021).

In sum, Defendant Bistline's jurisdictional arguments fail. The Court retains jurisdiction.

**C. Selective Prosecution**

Defendant Bistline further argues that her and her co-defendants have "selectively been singled out and targeted for their religious belief and for speaking out against their persecutors that hold them illegally in prison." (Doc. 303 at 11.) The United States argues that the Defendant has not met the requisite standard to show that she has been prosecuted based on her religious beliefs. (Doc. 305 at 6 n.2).

A selective-prosecution claim is not an attack on the merits of the criminal charges, but rather an assertion that the charges were brought for reasons forbidden by the Constitution. *United States v. Armstrong*, 517 U.S. 456, 463 (1996). Defendants must show clear evidence that the decision to prosecute was made based on "an unjustifiable standard such as race, religion, or other arbitrary classification." *Id.* at 464 (quoting *Oyler*

*v. Boyles*, 368 U.S. 448, 456 (1962)).

Here, Defendant Bistline has not made this showing. Moreover, this issue cannot be decided without further fact finding, which Defendant Bistline can gather later in this case if she meets the requisite standard. *See id.* at 464–65.

### D. Lack of Specificity

Defendant Bistline also contends that much of the language in the indictment is overly broad and lacks specificity. (Doc. 303 at 26–30.) The United States counters that the language is sufficiently specific. (Doc. 305 at 8.)

As previously discussed, the facts granting the United States the interstate commerce jurisdictional element do not need to be "expressly described in the indictment." *Tuan Ngoc Luong*, 965 F.3d at 985. Moreover, the Ninth Circuit has repeatedly approved the phrases Defendant Bistline takes issue with—including "on or about" and "and elsewhere." *See, e.g.*, *United States v. McCown*, 711 F.2d 1441, 1450 (9th Cir. 1983) (approving of "on or about" as sufficiently specific); *Douglas*, 996 F. Supp. at 974 (approving of "and elsewhere" as sufficiently specific).

The remaining language that Defendant Bistline challenges are elements of an 18 U.S.C. § 875(c) offense that are contained either in the statute itself or the relevant jury instructions. *See* 18 U.S.C. § 875(c); Ninth Cir. Model Crim. Jury Instructions § 8.13. These phrases, including "knowingly and willfully," "threat to injure," and "threatening to injure and harm" are meant to inform her of the charges against her. *See United States v. Huping Zhou*, 678 F.3d 1110, 1113 (9th Cir. 2012). Accordingly, the Court finds the language in the indictment sufficiently specific.

As a final point, Defendant Bistline appears to argue that her name, as listed in the indictment, "may or may not" refer to her. (Doc. 303 at 29). This seems to arise from the sovereign citizen "strawman" theory that Defendant Bistline has a separate fictional legal personality. (*See id.*) This argument is dismissed as frivolous. *Farrell v. Internal Revenue Serv.*, No. CV-21-00697-PHX-DGC, 2021 WL 47848778, at *2–*3 (D. Ariz. Oct. 12, 2021); *see also United States v. Masat*, 948 F.2d 923, 924 (5th Cir. 1991).

## IV. CONCLUSION

For the reasons discussed above,

**IT IS HEREBY ORDERED** that Defendant Bistline's Motion to Dismiss with Prejudice (Doc. 303) is denied.

Dated this 19th day of October, 2023.

Honorable Susan M. Brnovich
United States District Judge